## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------

WATSON PHARMACEUTICALS, INC.,

             Plaintiff,

v.

ROBERT SUNGWON CHO,

             Defendant.

---------------------------------------------------------

    :
    :    **Hon. Dennis M. Cavanaugh**
    :    **Civil Action No. 10-4501 DMC/MAS**
    :
    :    Civil Action
    :
    :    **AFFIDAVIT OF DONNA M.**
    :    **HUGHES IN SUPPORT OF ENTRY**
    :    **OF JUDGMENT**
    :

I, Donna Hughes, hereby state and declare:

1.    I am Senior Corporate Counsel—Employment for Plaintiff Watson Pharmaceuticals, Inc. ("Watson"). I have personal knowledge of the facts contained in this Affidavit.

2.    On September 2, 2010, Watson filed a lawsuit against its former employee, Defendant Robert Sungwon Cho, in the United States District Court for the District of New Jersey. The lawsuit alleged that Mr. Cho breached certain contracts with Watson that related to his employment.

3.    On January 11, 2011, Honorable Magistrate Judge Michael A. Shipp conducted a settlement conference in this matter, and the parties agreed to settle the case. The parties initially entered into an oral agreement on the record, which they later formalized into a written settlement agreement on February 14, 2011. A true and correct copy of the settlement agreement is attached as Exhibit 1.

4.    The settlement agreement contained, *inter alia*, the following terms:

- Mr. Cho agreed to pay the total sum of $45,000 to Watson according to a payment schedule outlined in the agreement. The first payment of $5,000 was due February 25, 2011. (*See* Exhibit 1, § 4.)

- In the event Mr. Cho failed to make a timely payment in accordance with the above schedule, Watson was to notify Mr. Cho in writing by sending a letter (1) by mail to the following addresses: Garden East Apartments, c/o Robert Cho, 222 Queens Road East #1803, Hong Kong, and (2) by email to the following email address: robert.sungwon.cho@gmail.com, notifying him that he has defaulted on his payments under this Agreement and giving him twenty-one (21) days to cure.  If Mr. Cho failed to cure his default within twenty-one days of issuance of the letter, a Confession of Judgment may be entered against Mr. Cho in an amount equal to double the remaining unpaid balance of the settlement proceeds.  (*See* Exhibit 1, § 4.)

As required by the Settlement Agreement, Mr. Cho also signed a Confession of Judgment.  A true and correct copy of the Confession of Judgment we received from Mr. Cho is attached as Exhibit 2.  Mr. Cho did not have it notarized because he was in Hong Kong and could not find a notary.  A true and correct copy of Mr. Cho's email explaining why he could not have the Confession of Judgment notarized is attached as Exhibit 3.

5.     In the original draft of the settlement agreement that Watson provided to Mr. Cho, the language pertaining to Mr. Cho's payments contemplated that Mr. Cho would make his payments by sending a written check to my attention.  In an email to our attorneys dated February 4, 2011, Mr. Cho requested that this language be revised to permit Mr. Cho to wire his payments, rather than issue written checks.  A true and correct copy of Mr. Cho's email requesting permission to wire his payments is attached as Exhibit 4.  Watson accommodated Mr. Cho's request and incorporated wiring instructions into the settlement agreement.  (*See* Exhibit 1, § 4.)

6.     On February 23, 2011, I received an email from Mr. Cho claiming that he "sent the funds via BOA bill payment online from [his] BOA account."  A true and correct copy of this email is attached as Exhibit 5.  As the email explained, and contrary to the instructions set forth in the Settlement Agreement, the payment was allegedly sent via check to the North Carolina address Watson *provided for wire transfers*.  Watson never received this check.

7.      On March 11, 2011, Watson issued the 21-day notice to cure set forth in the Settlement Agreement.  A true and correct copy of the notice letter is attached as Exhibit 6.

8.      The next day, Mr. Cho responded in writing and indicated that he planned to cancel the check and wire the money he owed in a week.  A true and correct copy of Mr. Cho's email response is attached as Exhibit 7.

9.      On March 29, 2011, our attorneys received an email from Mr. Cho stating that he opened a bank account in Hong Kong, and further stating that he had sent a check for over $5,000 to me in a Federal Express international priority envelope.  A true and correct copy of Mr. Cho's email is attached as Exhibit 8.

10.     That same day, I received a check from Mr. Cho.  The check was written on a Hong Kong account in the amount of forty thousand Hong Kong Dollars.  Despite that the check was not written in American currency, I nevertheless forwarded the check to our Accounts Receivable Department in California, and they attempted to cash the check on or about March 31, 2011.

11.     On Monday, April 25, 2011, Watson received an email from Bank of America indicating that the check did not clear and was "returned refer to maker."  A true and correct of the email from Ms. Debbie Cochongco of Bank of America to Ms. Carolyn Shaw of Watson is attached as Exhibit 9.

12.     Almost three months have passed since Mr. Cho was obligated to make his first payment under his Settlement Agreement.  During this period, Mr. Cho has been unsuccessful in his attempts to pay Watson the money owed.  Notwithstanding that Mr. Cho did not adhere to his obligation to pay the funds by wire (a payment method he requested), Watson nevertheless attempted to honor the paper checks he sent.  We were never able to locate the first check,

largely because it was addressed to a bank, and not to a Watson location.   Although we did receive the second check, the bank rejected it.

13.     To date, Watson still has not been paid the amounts owing under the Settlement Agreement.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
Donna M. Hughes

Sworn to and Subscribed before me this

Seventeenth day of May, 2011.

_____
Notary Public

My Commission Expires: _____

LOIS PAGANO
Commission # 2341076
Notary Public, State of New Jersey
My Commission Expires
February 25, 2016

10292343.1 (OGLETREE)

# Exhibit 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereafter, the "Agreement") is made and entered into by and between Watson Pharmaceuticals, Inc. ("WATSON") and Robert Sungwon Cho ("CHO").

WHEREAS, WATSON instituted a civil action in the United States District Court for the District of New Jersey, captioned <u>Watson Pharmaceuticals, Inc. v. Robert Sungwon Cho</u>, D.N.J. Case No. 2:10-cv-4501-DMC-MAS (the "Civil Action"); and

WHEREAS, WATSON asserted in the Civil Action claims for Breach of Contract and Conversion, and CHO asserted a Counterclaim in his Answer alleging claims against Watson; and

WHEREAS, CHO denies the allegations in the Complaint, and specifically denies that he breached his contracts with WATSON or improperly converted WATSON's property; and

WHEREAS, WATSON denies the allegations in the Counterclaim, and specifically denies that it engaged in any improper conduct with respect to CHO;

WHEREAS, all parties realize the uncertainty, expense and time-consuming nature of litigation and desire to enter into a compromise agreement concerning all claims that were or could have been asserted in the Civil Action;

NOW THEREFORE, in consideration of the mutual promises of the parties to this Agreement, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.   <u>Non Admission of Liability</u>.

It is understood and agreed that this Agreement is a settlement of disputed claims

1

and that neither it nor the fact of said Agreement constitutes an admission of liability or wrongdoing on the part of CHO or WATSON.

    2.    <u>General Release of Claims by WATSON</u>.

    a.    WATSON hereby unconditionally and irrevocably releases CHO, his agents and assigns, from any and all claims, debts, obligations, demands, judgments, or causes of action of any kind whatsoever, whether known or unknown (collectively, "Claims"), for any action or omission by CHO occurring prior to the Effective Date of this Agreement, which shall be the date that the last party to the Agreement executes the Agreement.   Without limiting in any way the foregoing general release, this release specifically includes the following:

    (1)    All Claims that were or could have been asserted by WATSON in the Civil Action;

    (2)    All Claims that relate in any way to CHO's employment with WATSON, the terms and conditions of CHO's employment with WATSON, the termination of CHO's employment with WATSON, and any actions and/or omissions after the termination of CHO's employment with WATSON;

    (3)    All Claims, whether in tort, contract, by statute, or on any other basis, whether in law or in equity, whether civil, criminal or administrative, whether known or unknown, for damages or monies owed by CHO, including compensatory damages, emotional distress damages, pain and suffering, physical injury damages, punitive damages, attorneys' fees, costs, and interest, including all Claims for back pay, front pay, overtime pay, severance pay, notice pay, health benefits, disability benefits, retirement benefits, all other benefits, vacation pay, holiday pay, sick pay, commissions,

bonuses, relocation expenses, loans, expense reimbursements, benefits due under any collective bargaining agreement, or other monies due;

(4)     All rights and Claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Federal Family and Medical Leave Act, the Fair Labor Standards Act, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the Labor Management Relations Act, and the Employee Retirement Income Security Act of 1974;

(5)     All rights and Claims under the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the New Jersey Family Leave Law, New Jersey wage and hour laws, the New Jersey Constitution, New Jersey workplace safety laws, and the public policy of New Jersey; and

(6)     All rights and Claims under any federal, state or local law for breach of express or implied contract, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, defamation, negligence, negligent or intentional misrepresentation, tortious interference with economic gain, and intentional and negligent infliction of emotional distress.

b.     WATSON agrees to dismiss the Complaint with prejudice and will take all actions and execute all documents required to effect said dismissal.

3.     <u>General Release of Claims by CHO.</u>

a.     CHO hereby unconditionally and irrevocably releases WATSON, and all of its current, future and former parents, subsidiaries, companies, divisions, affiliates, owners, shareholders, members, directors, officers, employees, benefit plans,

agents and independent contractors, and the predecessors, successors and assigns of each of them (collectively, "Releasees"), from any and all claims, debts, obligations, demands, judgments, or causes of action of any kind whatsoever, whether known or unknown, for any action or omission by Releasees occurring prior to the Effective Date of this Agreement.  Without limiting in any way the foregoing general release, this release specifically includes the following:

(1)     All Claims that were or could have been asserted by CHO in the Civil Action;

(2)     . All Claims that relate in any way to CHO's employment with WATSON, the terms and conditions of CHO's employment with WATSON, the termination of CHO's employment with WATSON, and any actions and/or omissions after the termination of CHO's employment with WATSON;

(3)     All Claims, whether in tort, contract, by statute, or on any other basis, whether in law or in equity, whether civil, criminal or administrative, whether known or unknown, for damages or monies owed by Releasees, including compensatory damages, emotional distress damages, pain and suffering, physical injury damages, punitive damages, attorneys' fees, costs, and interest, including all Claims for back pay, front pay, overtime pay, severance pay, notice pay, health benefits, disability benefits, retirement benefits, all other benefits, vacation pay, holiday pay, sick pay, commissions, bonuses, relocation expenses, loans, expense reimbursements, benefits due under any collective bargaining agreement, or other monies due;

(4)     All rights and Claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with

Disabilities Act, the Federal Family and Medical Leave Act, the Fair Labor Standards Act, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the Labor Management Relations Act, and the Employee Retirement Income Security Act of 1974;

        (5)    All rights and Claims under the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the New Jersey Family Leave Law, New Jersey wage and hour laws, the New Jersey Constitution, New Jersey workplace safety laws, and the public policy of New Jersey; and

        (6)    All rights and Claims under any federal, state or local law for retaliation, wrongful discharge, retaliatory discharge, constructive discharge, unsafe working conditions, employment discrimination on any basis, hostile working environment, breach of express or implied contract, breach of collective bargaining agreement, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, defamation, negligence, negligent or intentional misrepresentation, tortious interference with economic gain, and intentional and negligent infliction of emotional distress.

        b.    CHO releases any rights to be hired or rehired by Releasees, and agrees not to seek employment or re-employment in the future with Releasees. CHO agrees that should he ever seek employment or re-employment in the future with Releasees, his application may be rejected without liability to Releasees. Releasees retain the right to waive this provision in the future.

        c.    Except as may be necessary to enforce this Agreement, and to the fullest extent permitted by law, CHO agrees not to permit, authorize, initiate, join or

continue any lawsuit, administrative charges or complaints (including charges of discrimination), arbitrations or proceedings (collectively, "Proceedings") against any of the Releasees based in whole or in part on any Claim covered by this Agreement. CHO represents that he has no pending Proceedings, whether internal or external, related to such matters, except for the Civil Action. To the fullest extent permitted by law, CHO waives any right he may have to benefit in any manner from any relief arising out of any past, present or future Proceedings.

      d.      CHO agrees to dismiss the Counterclaim with prejudice and will take all actions and execute all documents required to effect said dismissal.

      4.      <u>Settlement Amount</u>.

CHO agrees to pay the total sum of forty-five thousand dollars ($45,000) to WATSON, in full satisfaction of all Claims between the parties including, but not limited to, attorney's fees and costs. The settlement proceeds will be paid in installments according to the following schedule.

| | Payment Amount | Due Date |
|---|---|---|
| 1 | $5,000 | February 25, 2011 |
| 2 | $10,000 | August 31, 2011 |
| 3 | $10,000 | January 31, 2012 |
| 4 | $20,000 | July 1, 2012 |

CHO shall make his payments on or before the Due Date by wiring the funds directly into one of WATSON's bank accounts, in accordance with the following instructions. **If CHO is wiring money from <u>outside</u> of the United States, the Wire Instructions are as follows:** <u>Bank Name</u>: Bank of America; <u>SWIFT ID</u>: BOFAUS3N, 100 West 33rd Street, New York, NY 10001; <u>Account Name</u>: Watson Laboratories, Inc.;

Account Number: 1496301300.  **If CHO is wiring the money from <u>inside</u> the United States, the Wire Instructions are as follows:** <u>Bank Name</u>: Bank of America; <u>Bank ABA #:</u>  026009593, 100 N. Tryon Street, Charlotte, NC; <u>Account Name</u>: Watson Laboratories, Inc.; <u>Account Number</u>: 1496301300.

In the event CHO fails to make a timely payment in accordance with the above schedule, WATSON shall notify CHO in writing by sending a letter (1) by mail to the following addresses: Garden East Apartments, c/o Robert Cho, 222 Queens Road East #1803, Hong Kong, and (2) by email to the following email address: robert.sungwon.cho@gmail.com, notifying him that he has defaulted on his payments under this Agreement and giving him twenty-one (21) days to cure.  If CHO fails to cure his default within twenty-one days of issuance of the letter, a Confession of Judgment in the form annexed hereto as Exhibit A (which shall, simultaneously with the execution of this Agreement be executed by CHO and provided to WATSON's counsel), may be entered against CHO in an amount equal to double the remaining unpaid balance of the settlement proceeds.   For example, if CHO successfully makes the first three payments according to the above schedule, but defaults on the last payment of $20,000 and fails to cure after receiving notice, WATSON may enter Judgment in the amount of $40,000. Upon CHO's full payment of the payments set forth above, the Confession of Judgment shall immediately be deemed void.

The twenty-one day notice provision described in the preceding paragraph applies only once, meaning that if Cho fails to make a timely payment, receives a notice of default, and cures the default, Watson shall have no obligation in the future to provide him any additional notice if he fails to make a timely payment.

Within twenty-four hours of the time that CHO wires a payment to WATSON in accordance with the above, CHO agrees to provide notice via email to Donna Hughes, Senior Corporate Counsel, Employment (Donna.Hughes@watson.com), or her successor, that such payment has been made.

5.     <u>Confidentiality</u>.

a.     Unless ordered by a court of competent jurisdiction, or except in a proceeding to enforce this Agreement, or except as expressly provided otherwise in Paragraph 4b below, or except as may otherwise be required by law, neither CHO nor WATSON (other than for internal business purposes) will discuss with or disclose to any person: the terms of this Agreement, including the amount of the settlement payments; the substance of the discussions leading to this Agreement; the fact that WATSON and CHO made Claims and Counterclaims in this lawsuit; or the substance of the allegations in those Claims and Counterclaims (hereafter collectively, "Confidential Settlement Information").

If WATSON or CHO receives an inquiry from any third party about any Confidential Settlement Information, they shall only respond by stating that "the matter has been resolved."

If CHO receives a subpoena, court order or other request requiring the disclosure of any Confidential Settlement Information, he will immediately notify in writing Donna M. Hughes, Sr. Corporate Counsel-Employment, Watson Pharmaceuticals, Inc., 360 Mount Kemble Avenue, Morristown, NJ 07960, or her successor, and immediately provide her with a copy of such subpoena, court order or other request so that WATSON may obtain a protective order or take any other action deemed appropriate to protect the

confidentiality of the Confidential Settlement Information.

Likewise, if WATSON receives a subpoena, court order or other request requiring the disclosure of any Confidential Settlement Information, WATSON will immediately notify CHO in writing and immediately provide him with a copy of such subpoena, court order or other request so that CHO may obtain a protective order or take any other action deemed appropriate to protect the confidentiality of the Confidential Settlement Information.

b.      Notwithstanding the provisions of Paragraph 5a above, CHO shall be permitted to discuss and disclose Confidential Settlement Information to his attorneys and financial advisors.  Prior to any such permitted disclosure, however, CHO shall advise the person to whom the disclosure is made of the confidentiality requirements of this Agreement, and advise such person to honor same.  Similarly, WATSON shall be permitted to discuss and disclose Confidential Settlement Information to its attorneys, financial advisors, officers, and managing agents with a legitimate business need to know the information.

6.      <u>Non Disparagement and No-Reference Policy</u>.

CHO agrees that he will not make any disparaging statements about Releasees to any current, former or potential customers, contractors, vendors or employees of Releasees, to any media or to any other person.  A disparaging statement is any communication which, if publicized, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

9

WATSON agrees that if it receives any inquiries about CHO's employment with WATSON, it will provide only its employment verification number, which in turn provides CHO's position and dates of employment, and, if CHO so authorizes, his salary information.

7.   Return of Company Property.

By no later than April 1, 2011, CHO shall return to WATSON all property of WATSON in his possession, custody, or control, including but not limited to the BlackBerry device and the Executive Binder that he received while employed with WATSON.

8.   Reminder of Continuing Confidentiality Obligations.

CHO is reminded that he signed a Confidentiality Agreement with WATSON when he commenced his employment with WATSON that required him to maintain the confidentiality of WATSON's trade secrets and other confidential business information. As provided in the Confidentiality Agreement, CHO's obligations under that contract survived the termination of his employment, and they shall remain in place even after the completion of this Agreement.

9.   Complete Agreement.

Except as provided in Paragraph 8, this Agreement contains and constitutes the entire understanding and agreement of the parties and supersedes and cancels all previous negotiations, agreements, commitments and writings in connection therewith.   This Agreement may not be released, discharged, abandoned, supplemented, changed or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by CHO and a duly authorized officer of

WATSON.  Further, the undersigned parties affirm that the only consideration for signing this Agreement are the terms stated herein, and that no other promises or agreements of any kind have been made to or with them by any person or entity whatsoever to cause them to sign this Agreement.

10    Governing Law and Forum Selection.

Except to the extent federal law may apply, this Agreement shall be governed by and construed under the laws of the State of New Jersey without regard to New Jersey's choice of law principles.  Any disputes related to this Agreement shall be resolved exclusively by a state or federal court in New Jersey having jurisdiction over the dispute. CHO consents to the personal jurisdiction of New Jersey state and federal courts for any action relating to the enforcement of this Agreement.

11.    Counterparts.

This Agreement may be executed in counterparts.

12.    Waiver.

A waiver by either party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver or estoppel of any subsequent breach by the party.  No waiver shall be valid unless in writing and signed by CHO and a duly authorized officer of WATSON.

13.    Authority of Signatories.

The individuals signing this Agreement and the parties on whose behalf such individuals are signing hereby represent and warrant that they are empowered and authorized to sign on behalf of and bind the parties for whom they have signed.

11

**IN WITNESS WHEREOF,** the parties have caused this Agreement to be executed on the date(s) indicated below by their respective signatures.

PLAINTIFF WATSON PHARMACEUTICALS, INC.

by: _____David A. Buchen_____

sign: _____

dated: _____Feb 9, 2011_____


DEFENDANT ROBERT SUNGWON CHO


by:_____


sign:_____


dated: _____

9784338.1 (OGLETREE)

12

**IN  WITNESS  WHEREOF,** the parties have caused this Agreement to be executed on the date(s) indicated below by their respective signatures.

PLAINTIFF WATSON PHARMACEUTICALS, INC.

by: _____

sign: _____

dated: _____


DEFENDANT ROBERT SUNGWON CHO

by: _ROB CHo_____

sign: _____

dated: _14/2/2011_____

9784338.1 (OGLETREE)

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------------------------

| | |
|---|---|
| WATSON PHARMACEUTICALS, INC., | :    **HONORABLE DENNIS M.** |
| | :    **CAVANAUGH** |
|           Plaintiff, | :    **CIVIL ACTION NO. 10-4501** |
| | :    **DMC/MAS** |
| v. | : |
| | :         Civil Action |
| ROBERT SUNGWON CHO, | : |
| | :    **CONFESSION OF JUDGMENT** |
|           Defendant. | :    **BY ROBERT SUNGWON CHO** |

--------------------------------------------------------

Defendant Robert Sungwon Cho ("Cho") hereby authorizes the Court to enter judgment in favor of Plaintiff Watson Pharmaceuticals, Inc. ("Watson") in the sum of up to $90,000.00 as follows:

1.      Cho is liable to Watson in this amount pursuant to a settlement of the above-captioned matter, which settlement was agreed to in substance on January 13, 2011 before the Honorable Michael A. Shipp, U.S.M.J., and formalized in a Settlement Agreement entered on or about February 8, 2011.

2.      Pursuant to said settlement, Watson agreed to dismiss and release all claims against Cho in return for the gross sum of $45,000.00 (the "Settlement Amount") payable by Cho as follows: (1) $5,000 due no later than February 25, 2011; (2) $10,000 due no later than August 31, 2011; (3) $10,000 due no later than January 31, 2012, and (4) $20,000 due no later than July 1, 2012.

3.      The terms of the settlement agreement further provide that, if Cho fails to make the required payment by the prescribed due date, and further fails to make the required payment within twenty-one days of Watson's issuance of notice that he has defaulted on his payment, Watson will be entitled to record this Confession of Judgment, giving credit for all payments made by Cho to date but doubling the amount of the unpaid balance of the settlement proceeds. The twenty-one day notice provision applies only once, meaning that if Cho fails to make a

timely payment, receives a notice of default, and cures, Watson shall have no obligation in the future to provide him any additional notice if he fails to make a timely payment.

4.      Watson's counsel shall maintain possession of this Confession of Judgment until the stated payments are made.  Upon receipt of the final payment in accordance with Paragraph 2 or Paragraph 3 above, and upon Cho's request, Watson's counsel shall return this Confession of Judgment, unfiled, and all copies thereof to Cho.  This Confession of Judgment shall be void and of no effect if Cho makes the payments to Watson that are required pursuant to the Confidential Settlement Agreement and Mutual Release, as stated above, and under no circumstances shall Watson or Watson's counsel be authorized to file this Confession of Judgment unless and until all conditions precedent, as set forth in Paragraph 3 above, have been met.

5.      In the event that Watson or Watson's counsel files this Confession of Judgment, and the Court finds that the conditions precedent have been met, Cho stipulates that the Court can enter judgment against Cho for twice the unpaid balance of the Settlement Amount, which will be set forth in an Affidavit from an authorized representative of Watson but shall not exceed $90,000.

ROBERT SUNGWON CHO:

_____
Robert Sungwon Cho

Sworn to and Subscribed before me this
__14__ day of ___FEB___, 2010.

_____
Notary Public
        My Commission Expires: _____

9785237.1 (OGLETREE)

# Exhibit 3

| From: | Rob C [f1ash17@gmail.com] |
|---|---|
| Sent: | Tuesday, February 22, 2011 11:55 AM |
| To: | Capozzola, Dominick C. |
| Subject: | Signed agreement |
| Attachments: | SKMBT_C20311022215360.pdf |

Hi Dominick,

As promised.  Unfortunately I am not sure if they even have notaries in HK.  What shall I do?
Rob

PS
I will wire the cash once I get your signed agreements - thanks

---------- Forwarded message ----------
From: <3FCopier1@gardeneast.com>
Date: Tue, Feb 22, 2011 at 3:37 PM
Subject: Message from KMBT_C203
To: robert.sungwon.cho@gmail.com

# Exhibit 4

**From:** Rob C [f1ash17@gmail.com]
**Sent:** Friday, February 04, 2011 5:43 PM
**To:** Capozzola, Dominick C.
**Subject:** Re: Confession of Judgment (1-31-2011).DOC;Watson Pharmaceuticals v Cho (1-31-11) Settlement Agreement.DOC

Thanks Dom.
Per our discussion with the Judge, I was given more grace than the Feb 25th date to return the blackberry and binder.  I will return such items, I have had no use for them and are sitting in storage, which is difficult to access at the time.

Also I notice that there is comment on sending checks, I would prefer if there is an account I can send the monies as I don't have US checks in my possession and overseas checks typically take numerous days to clear (I checked with HSBC).

If there is an account I can wire the appropriate distributions, that would be much easier, or else I will have to do it by Western Union which incurs expensive charges.

Any assistance would be much appreciated.

Regards,
Rob

On Sat, Feb 5, 2011 at 4:13 AM, Capozzola, Dominick C.
<Dominick.Capozzola@ogletreedeakins.com> wrote:

> Rob:
>
> Here are drafts of the Settlement Agreement and the "Confession of Judgment," which would enable
> us to have judgment entered in the event of an uncured default. You will see that this draft requests
> return of the BlackBerry and other equipment by February 25.  I need to talk to Donna about your last
> email to see if she is willing to push that back to the beginning of April.
>
> Thank you for your patience as we put the agreement together.  Please contact me with any questions
> or concerns.
>
> --Dominick
>
>
> **Dominick C. Capozzola | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
> 10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-656-1600 | Fax: 973-656-
> 1611
> dominick.capozzola@ogletreedeakins.com | www.ogletreedeakins.com

*This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you are not the intended recipient(s) you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the email address or telephone number above and delete this email from your computer.  Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.*

*Unless expressly stated to the contrary herein, (a) Nothing contained in this message was intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) Any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to recommend or support the promotion or marketing of any such transaction or issue.*

# Exhibit 5

REDACTED

REDACTED

**From:** Robert Cho [mailto:robert.sungwon.cho@gmail.com]
**Sent:** Wednesday, February 23, 2011 5:48 AM
**To:** Donna M Hughes
**Cc:** dominick.capozzola@ogletreedeakins.com
**Subject:** Payment

Hello Donna,

I have sent the funds via BOA bill payment online from my BOA account.

| | | | |
|---|---|---|---|
| Watson Laboratories, Inc.<br>Watson -1300 | $ 5,000.00 | MYACCESS 02/25/2011<br>CHECKING-<br>7361 | Edit ∙ Cancel |

**Memo:** c/o Donna Hughes-re: RobCho legal
This memo will be sent with your payment.
**Confirmation Number:** C3K5C-JXF3X

This was the only way to send it via BOA as they do not allow personal to business account transfers, which I only found out through a cancellation email.  The payment will be sent to the NC address of the account information you provided via a check apparently (I don't know why that is the case, but that is what was explained to me by the BOA service representative).  Due to the discomfort level I have with their response, please do let me know that it has been received. The funds have already exited out of my BOA account.

Regards,
Rob
+852 6296 5220

# Exhibit 6

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973.656.1600
Facsimile: 973.656.1611
www.ogletreedeakins.com

March 11, 2011

Mr. Robert S. Cho
Garden East Apartments
222 Queens Road East #1803
Hong Kong
<robert.sungwon.cho@gmail.com>

Re: *Watson Pharmaceuticals, Inc. v. Robert Sungwon Cho,*
**D.N.J. Case No. 2:10-cv-04501-DRD-MAS**

Dear Mr. Cho:

Pursuant to Section 4 of the Settlement Agreement in the referenced matter, we are issuing this letter notifying you that the payment due on or before February 25, 2011 has not been made, and that you have twenty-one days to cure. If the default is not cured on or before Friday, April 1, 2011, Watson Pharmaceuticals, Inc. will move to enter the Confession of Judgment against you.

As you may recall, before the parties signed the Settlement Agreement, we specifically revised the draft agreement, pursuant to your request, to strike the language requiring you to mail a check to Ms. Donna Hughes and to insert language requiring you to wire the funds "directly into" Watson's bank account. Due to error that plainly cannot be attributed to Watson, rather than wire the funds directly into the account, your bank evidently prepared a check and mailed it to Watson's bank without instructions adequate to ensure that the funds were deposited into Watson's account. For the last two weeks, our efforts to find the check—efforts we had no obligation to make in the first place—have been unsuccessful.

Please take whatever steps are necessary to comply with your obligations under the Settlement Agreement by April 1, 2011. This includes the return of Watson's Blackberry and the other items referenced in Section 7 of the Settlement Agreement.

Very truly yours,

Dominick C. Capozzola

Enclosure (Settlement Agreement)

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

# Exhibit 7

**From:** robert.sungwon.cho@gmail.com
**Sent:** Saturday, March 12, 2011 6:18 PM
**To:** Capozzola, Dominick C.
**Cc:** Rob C
**Subject:** Re: Watson Pharmaceuticals, Inc. v. Cho

This is ridiculous.

I emailed both you and Donna and never heard from her, explaining exactly the situation and any bill pays have to got the NC address. I have also forwarded you the bank transaction statement.

I am going to stop cancel the check. And wire the money in a week.

This should not count toward the agreement. I expect you to mollify this - I will send a note to the court if not.

And I don't appreciate your note with no explanation. Nice client you have.

"Sent via CSL BlackBerry."

---

**From:** "Capozzola, Dominick C." <Dominick.Capozzola@ogletreedeakins.com>
**Date:** Fri, 11 Mar 2011 11:38:18 -0500
**To:** <robert.sungwon.cho@gmail.com>
**Cc:** Rob C<f1ash17@gmail.com>
**Subject:** Watson Pharmaceuticals, Inc. v. Cho

Rob:

Please see the attached letter and enclosure.  A hard copy has been mailed to the address in Hong Kong that you provided last month.

--Dominick

---

**Dominick C. Capozzola | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-656-1600 | Fax: 973-656-1611
dominick.capozzola@ogletreedeakins.com | www.ogletreedeakins.com

*This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you are not the intended recipient(s) you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the email address or telephone number above and delete this email from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.*

*Unless expressly stated to the contrary herein, (a) Nothing contained in this message was intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) Any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to recommend or support the promotion or marketing of any such transaction or issue.*

# Exhibit 8

**From:** f1ash17@gmail.com on behalf of Rob C [robert.sungwon.cho@gmail.com]
**Sent:** Tuesday, March 29, 2011 1:21 PM
**To:** Capozzola, Dominick C.
**Subject:** Docs, bb and check

I had my ex send the folder and blackberry last week to Donna (regular mail).  I opened a bank account in HK that uses checks and i i sent an international priority envelop with a check for over US$5K -  sent to Donna.  Tracking number 865369109950 via fedex.
I have confirmation that it was delievered to Watson's mailroom 9:36AM, March 29th.

Regards,
Rob

Regards
Rob

# Exhibit 9

REDACTED

REDACTED

**From:** Carolyn Sha
**Sent:** Monday, April 25, 2011 1:02 PM
**To:** Dennis J Pyper
**Cc:** Nenita C Alacar
**Subject:** FW: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Dennis,

Please see BOA's respond for the HKD check.

Thanks,
Carolyn

**From:** dedicated westtwo [mailto:dedicatedwesttwo@bankofamerica.com]
**Sent:** Monday, April 25, 2011 1:01 PM
**To:** Carolyn Sha
**Cc:** Nenita C Alacar
**Subject:** RE: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Carolyn,
As a matter of fact we heard from them today, stating the check was returned refer to maker.  I believe
the check signer's signature did not match.  Please contact your vendor for further information.

Best regards,

Debbie Cochongco
AVP Dedicated Service Director
Global Corporate and Commercial Banking Client Services
Office:   888 715-1000 x 57178

Fax: 415 343-9437
Email address: dedicatedwesttwo@bankofamerica.com
Manager Name: Darrick Martinez
Office: 800 233-8820 x 57418
Email address: darrick.martinez@baml.com

My hours are from 6:00 AM PST to 3 PM PST

**From:** Carolyn Sha [mailto:Carolyn.Sha@watson.com]
**Sent:** Friday, April 22, 2011 4:34 PM
**To:** dedicated westtwo
**Cc:** Nenita C Alacar
**Subject:** FW: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Debbie – Any news on this check?

Thanks,
Carolyn

**From:** Debbie Huang
**Sent:** Friday, April 08, 2011 8:33 AM
**To:** dedicated westtwo
**Cc:** Dennis J Pyper
**Subject:** RE: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Debbie,

Can you check with your FX Department how long does usually it take to receive the fund ?

Thanks,
Debbie

**From:** dedicated westtwo [mailto:dedicatedwesttwo@bankofamerica.com]
**Sent:** Friday, April 08, 2011 8:19 AM
**To:** Debbie Huang
**Cc:** Dennis J Pyper
**Subject:** RE: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Debbie,
I did receive the check yesterday and I was informed by the FX department that I have to send the check for collection as it is drawn on a Foreign bank and not a corresponding bank within the US. I have submitted to the FX department this morning. This process can take awhile as we have to wait until the maker (DBS) send payment. Let me know if you have further questions.

Best regards,

Debbie Cochongco
AVP Dedicated Service Director
Global Corporate and Commercial Banking Client Services
Office: 888 715-1000 x 57178
Fax: 415 343-9437
Email address: dedicatedwesttwo@bankofamerica.com
Manager Name: Darrick Martinez
Office: 800 233-8820 x 57418

Email address:  darrick.martinez@baml.com

My hours are from 6:00 AM PST to 3 PM PST

**From:** Debbie Huang [mailto:Debbie.Huang@watson.com]
**Sent:** Thursday, April 07, 2011 4:44 PM
**To:** dedicated westtwo
**Cc:** Dennis J Pyper
**Subject:** RE: RE: **PLEASE ADVISE .. provide acct# if case is needed**

Hi Debbie,

Did you receive the check in the amount HKD 40,000 ? I still have not seen the credit posted to our bank account yet.

Thanks,
Debbie

**From:** dedicated westtwo [mailto:dedicatedwesttwo@bankofamerica.com]
**Sent:** Thursday, March 31, 2011 11:34 AM
**To:** Debbie Huang
**Subject:** RE:

Hi Debbie,
I will  keep a look out for the check .

Best regards,

Debbie Cochongco
AVP Dedicated Service Director
Global Corporate and Commercial Banking Client Services
Office:   800 233-8820 x 57178
Fax:  415 343-9437
Email address:  dedicatedwesttwo@bankofamerica.com
Manager Name:  Darrick Martinez
Office:  800 233-8820 x 57418
Email address:  darrick.martinez@baml.com

My hours are from 6:00 AM PST to 3 PM PST

**From:** Debbie Huang [mailto:Debbie.Huang@watson.com]
**Sent:** Thursday, March 31, 2011 10:52 AM
**To:** dedicated westtwo
**Subject:**

Hi Debbie,

Per our discussion, I have sent the check in the amount of Hong Kong Dollars -  HKD40,000 to your attention at the address below.

Mail Code: CA4-701-10-57 1655 GRANT ST BUILDING A
CONCORD, CA  94520-2445

Thanks,
Debbie